LAW OFFICES OF

# Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036

TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297

WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

Hon. Ann M Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
**Filed via ECF**

January 12, 2023

**RE:** *Fausto Delgado vs. All Shore Marine Construction Inc.*
**Docket No. 2:22-cv-00340-AMD-ARL (Pre-Motion Conference Request)**

Dear Judge Donnelly:

Pursuant to this Court's Individual Practice and Rules 4(A), please allow this correspondence to serve as a request for a conference with the Court for leave to amend the Complaint in this action.

It is well settled that Federal Rule of Civil Procedure ("Rule") 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a motion to amend should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead*, No. 07-CV-3478 (JFB)(ARL), 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013) ; *see Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (*per curiam*). *Galloway v. Cnty. of Nassau*, 538 F. Supp. 3d 248, 252-53 (E.D.N.Y. 2021).

Annexed hereto as Exhibit "A" is a copy of the proposed amended complaint. Plaintiff seeks leave to amend in order to add two additional plaintiffs to this matter and end this matter's status as a collective action. Upon conducting further investigation, we have discovered two additional Plaintiffs. The same research has also revealed that it is not prudent to continue this matter as a collective action.

Lastly, Plaintiff seeks leave to amend in order to assert a claim of retaliation. This claim is based upon information and evidence not present when Plaintiff filed the original complaint.

Justice requires that leave be given, and there is no presence of undue delay, bad faith, or futility of the amend. Nor is there prejudice to be suffered by the Defendants; in fact, the opposite

as such amendment will result in narrowing of the legal issues with the withdrawal of the collective action.

    I thank the Court for its attention to this matter.

                                             Respectfully,

                                             _____/S/_____
                                             Lawrence Spasojevich, Esq.
                                             *Attorney for Plaintiff*