Lawrence Spasojevich (LS 0945)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiffs*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FAUSTO DELGADO,
MARCO ANTONIO JARUQUIN,
and LUIS CHUCINO,

|  |  |
|---|---|
| | CASE NO. |
| | 2:22-cv-00340-AMD-ARL |
| Plaintiffs, | **AMENDED COMPLAINT** |

-against-

ALL SHORE MARINE CONSTRUCTION INC.
and JUAN TACORIS,                                             ECF Case,

Defendant(s).

---

Plaintiffs, FAUSTO DELGADO, MARCO ANTONIO JARUQUIN, and LUIS

CHUCINO by and through the undersigned attorney, Lawrence Spasojevich, Esq. hereby file

this Amended Complaint against Defendant(s), ALL SHORE MARINE CONSTRUCTION INC.

and JUAN TACORIS and state as follows:

1

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs are entitled to recover from Defendant(s): (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) lost wages; (4) statutory penalties; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

2.      Plaintiffs further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs are entitled to recover from the Defendant(s): (1) unpaid wages at the overtime wage rate; (2) front pay; (3) lost wages; (4) statutory penalties; (6) liquidated damages; (7) prejudgment and post-judgment interest; and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the Amended Complaint took place in this judicial district.

## PARTIES

5.      Plaintiff, FAUSTO DELGADO, is an adult resident of Suffolk County, New York.

6.      Plaintiff, MARCO ANTONIO JARUQUIN, is an adult resident of Suffolk County, New York.

7.      Plaintiff, LUIS CHUCINO, is an adult resident of Suffolk, New York.

8.      Upon information and belief, Defendant(s), ALL SHORE MARINE CONSTRUCTION INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 30 Marvin Lane, Islip, New York 11751-3812.

9.      Upon information and belief, Defendant(s), JUAN TACORIS, is an owner, officer, director and/or managing agent of Defendant(s), ALL SHORE MARINE CONSTRUCTION INC., who participated in the day-to-day operations of Corporate Defendant(s), and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations, and is jointly and severally liable with Corporate Defendant(s), THE IM. GROUP, LLC.

10.     At all relevant times, Defendant(s), ALL SHORE MARINE CONSTRUCTION INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendant(s).

12.     At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiffs the overtime wage rate for all hours worked over forty (40) hours in a week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

13.     Defendant(s), JUAN TACORIS, is an individual who, upon information and belief, owns the stock of ALL SHORE MARINE CONSTRUCTION INC., owns ALL SHORE MARINE CONSTRUCTION INC., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

14.     Defendant(s), JUAN TACORIS, exercised control over the terms and conditions of Plaintiff's employment, in that JUAN TACORIS has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise

and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

*Facts Regarding Fausto Delgado*

15.     Upon his recall and recollection, Plaintiff, FAUSTO DELGADO, worked as a laborer for Defendant(s) for two relevant time periods.

16.     Upon his recall and recollection, the first period was from approximately July 2020 through October 2020.

17.     Upon his recall and recollection, the second period was from March 3, 2021, until July 19, 2021.

18.     Upon his recall and recollection, during the entirety of Plaintiff's employment with Defendant(s) he consistently worked six (6) days per week, Monday through Saturday, and two (2) Sundays per month.

19.     Upon his recall and recollection, Plaintiff worked seven and a half (7.5) to ten (10) hours per day each workday.

20.     Upon his recall and recollection, Plaintiff worked approximately forty-five (45) to sixty (60) hours per week.

21.     Upon his recall and recollection, Plaintiff was paid by Defendant(s) at a rate of twenty-two dollars ($22.00) per hour, including hours worked after reaching the forty (40) hour mark per week.

22.     Upon his recall and recollection, Plaintiff was paid by Defendant(s) part by check and part in cash.

*Facts Regarding Marco Antonio Jaruquin*

23.     Upon his recall and recollection, Plaintiff, MARCO ANTONIO JARUQUIN, worked for Defendant(s) from on or about May 2021, until on or about July 2021.

24.     Plaintiff terminated his own employment with Defendant(s) because of the bad treatment he received from Defendant(s) which created a hostile environment. Plaintiff felt as though Defendant(s) treated the employees, Plaintiff included, like animals.

25.     Upon Plaintiff's recall and recollection, he worked six (6) days per week for Defendant(s). Specifically, Plaintiff worked for Defendant(s) from Monday through Saturday.

26.     Upon Plaintiff's recall and recollection, on each of those workdays, Plaintiff generally worked for Defendant(s) from 7:30 a.m. until 7:00 p.m. without a lunch break or any other breaks.

27.     Upon Plaintiff's recall and recollection, he worked approximately sixty-nine (69) to seventy-five (75) hours per week for Defendant(s).

28.     Upon Plaintiff's recall and recollection, his rate of pay was eighteen dollars ($18.00) per hour. Plaintiff received a weekly paycheck from Defendant(s) ranging from seven-hundred dollars ($700.00) to eight-hundred dollars ($800.00).

*Facts Regarding Luis Chucino*

29.     Upon his recall and recollection, Plaintiff, LUIS CHUCINO, worked for Defendant(s) from on or about August of 2020, until on or about October of 2020.

30.     Upon Plaintiff's recall and recollection, he worked six (6) days per week for Defendant(s). Specifically, Plaintiff worked for Defendant(s) from Monday through Saturday.

31.     However, upon Plaintiff's recall and recollection, every other week (twice per month), Plaintiff worked seven (7) days per week.

32.     Upon Plaintiff's recall and recollection, on each of those workdays, Plaintiff generally worked for Defendant(s) from 8:00 a.m. until 6:30 p.m. without a lunch break or any other breaks.

33. However, upon Plaintiff's recall and recollection, approximately two (2) times per week, he was directed to drive back to the shop to put away equipment causing him to not leave work until 7:00pm.

34. Thus, upon Plaintiff's recall and recollection, half of his weeks—weeks in which he worked six (6) days—he worked approximately sixty-two (62) hours per week for Defendant(s).

35. Thus, upon Plaintiff's recall and recollection, half of his weeks—weeks in which he worked seven (7) days—he worked approximately seventy-two (72) hours per week for Defendant(s).

36. Upon Plaintiff's recall and recollection, his rate of pay was nineteen dollars ($19.00) per hour. Plaintiff received a weekly paycheck from Defendant(s) ranging from seven-hundred dollars ($900.00) to eight-hundred dollars ($800.00).

*Facts Regarding Retaliation Towards Fausto Delgado and Marco Antonio Jaruquin*

37. Following Plaintiffs, FAUSTO DELGADO and MARCO ANTONIO JARUQUIN making their intention of pursuing their rights known to Defendant(s), JUAN TACORIS began taking retaliatory actions.

38. In its more benign form, JUAN TACORIS made comments to both Plaintiffs such as "you better not sue me, anyone who goes against me loses."

39. More aggressively, he threatened to call immigration services on Plaintiff JARUQUIN and said he would rather "pay off cops and lawyers than undocumented employees."

40. JUAN TACORIS stuck fear into Plaintiff's on July 10, 2022, when he—and a number of other intoxicated men—barged into Plaintiffs' home (both Plaintiffs were roommates at the time) and left only when he saw Plaintiffs had multiple people gathered in their home that day.

41.     Plaintiff JARUQUIN fearing further abuse and harassment stopped working for Defendant(s).

42.     Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiffs

43.     Plaintiffs were not correctly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

44.     Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiffs' wages for hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

45.     At all relevant times, upon information and belief, and during Plaintiffs' employment, the Defendant(s) failed to maintain accurate and sufficient time records.

46.     Defendant(s) did not provide Plaintiffs with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

47.     Upon information and belief, this was done to disguise the actual number of hours the Plaintiffs worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week.

48.     Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

49.     Plaintiffs have been substantially damaged by the Defendant(s)' wrongful conduct.

**COUNT 1**
**[Violation of the Fair Labor Standards Act]**

50.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "49" of this Amended Complaint as if fully set forth herein.

51.     At all relevant times, upon information and belief, Defendant(s) was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52.     At all relevant times, Defendant(s) employed Plaintiffs within the meaning of the FLSA.

53.     Upon information and belief, at all relevant times, Defendant(s) has had gross revenues in excess of $500,000.

54.     Plaintiffs were entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

55.     Defendant(s) failed to pay Plaintiffs compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA.

56.     At all relevant times, each of the Defendant(s) had, and continues to have a policy and practice of refusing to pay Plaintiffs for all hours worked over forty (40) hours in week in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

57.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due, and that non-payment of an overtime rate would financially injure Plaintiffs.

58.     Defendant(s) has failed to make, keep, and preserve records concerning each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

59.     Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendant(s). Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Amended Complaint to set forth the precise amount due.

60.     Defendant(s) failed to disclose or apprise Plaintiffs properly of the rights under the FLSA.

61.     As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages under the FLSA.

62.     Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

63.     Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs, and expenses, under 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

64.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "63" of this Amended Complaint as if fully set forth herein.

65.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiffs.

66.     Defendant(s), under their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiffs for all hours worked over forty (40) hours in a week.

67.     By failing to compensate Plaintiffs a wage for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiffs' statutory rights under the NYLL.

68.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

69.     Therefore, Defendant(s) knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs compensation for all hours worked over forty hours in a week in a workweek at the overtime wage rate.

70.     Due to the Defendant(s)' NYLL violations, Plaintiffs are entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and§ 198.

71.     Plaintiffs also seek liquidated damages under NYLL § 663(1).

## COUNT 3
### [Retaliation]

72.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "71" of this Amended Complaint as if fully set forth herein.

73.     Pursuant to NYLL § 215(1)(a) "[n]o employer or his or her agent… or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee… any employee [] because such employee has made a Amended Complaint to his or her employer… that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…."

74.     Pursuant to FLSA §215(a)(3), it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any Amended Complaint…."

75.     By threatening Plaintiff's following their pursuit of their rights under the FLSA and NYLL, Defendant(s)(s) violated FLSA §215(a)(3) and NYLL § 215(1)(a).

76. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL and FLSA without a good or reasonable basis.

77. Due to Defendant(s)' willful violations, Plaintiff JARUQUIN is entitled to recover from Defendant(s), lost wages for their wrongful termination pursuant to NYLL § 215 and FLSA §215.

78. Plaintiff JARUQUIN also seeks front pay pursuant to NYLL § 215.

79. Due to Defendant(s)' willful violations, Plaintiff DELGADO is entitled to recover from Defendant(s), statutory penalties pursuant to NYLL § 215 and FLSA §215.

80. Plaintiffs also seek reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198; and FLSA §216.

81. Plaintiffs also seek liquidated damages pursuant to NYLL § 663(1) and FLSA §216.

## COUNT 4
### [Failure to provide a Wage Notice]

82. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "81" of this Amended Complaint as if fully set forth herein.

83. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

84. Defendant(s) has willfully failed to supply Plaintiffs with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

85. Through their knowing or intentional failure to provide the Plaintiffs with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

86. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiffs

with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 5
### [Failure to provide Wage Statements]

87.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "86" of this Amended Complaint as if fully set forth herein.

88.     Defendant(s) has willfully failed to supply Plaintiffs with an accurate wage statement as required by NYLL, § 195(3).

89.     Through knowingly or intentionally failing to provide the Plaintiffs with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

90.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiffs with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(a)     An award of unpaid wages at the overtime wage rate due under the FLSA;

(b)     An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages at the overtime wage rate under the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e)     An award of statutory penalties, front pay, and lost wages as a result of Defendant(s) retaliatory conduct;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
        January 12, 2023

Respectfully submitted

By: *Lawrence Spasojevich*

Lawrence Spasojevich (LS 0945)