

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email:  SZabell@laborlawsny.com

January 19, 2023

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable Ann M. Donnelly
United States District Court Judge
United States District Court – EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Fausto Delgado vs. All Shore Marine Construction, Inc.</u>
               <u>Case No. 22-cv-00340 (AMD) (ARL)</u>

Your Honor:

      This firm represents Defendant All Shore Marine Construction, Inc. in the above-referenced matter. We respectfully submit the following in accordance with Your Honor's Order, dated January 13, 2023, to confirm Defendant does not consent to the amendment.  This letter is also submitted in opposition to Plaintiff's letter seeking a pre-motion conference with the Court for leave to amend the Complaint [ECF Doc. No. 16].

      Defendant recognizes that amendments to pleadings are generally favored "'to facilitate a proper decision on the merits." *In re GPC Biotech AG secs.* Litig., No. 07-cv-06728, 2009 U.S. Dist. LEXIS 122189, *10 (S.D.N.Y. Dec. 29, 2009); citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations omitted).  However, the decision to grant leave to amend is within the sound discretion of the trial court. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) and leave to amend may be denied for "good reason," including undue delay, bad faith, dilatory motive, prejudice to the opposing party, or the futility of the proposed amendment. *In re GPC Biotech AG secs.* Litig., 2009 U.S. Dist. LEXIS 122189, at *10; citing *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009); *see Foman*, 371 U.S. at 182; *Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297, 300 (S.D.N.Y. 1991) (leave to amend should be granted unless the motion is product of bad faith or dilatory motive, will prejudice opposing party, or be futile); see also *Fustok v. Conticommodity Servs., Inc.*, 103 F.R.D. 601, 603 (S.D.N.Y. 1984).  It is Defendant's position that the Court should exercise its discretion to deny Plaintiff's application as the contemplated motion to amend the complaint is made with undue delay, has a dilatory motive, ultimately prejudicing Defendant, and is futile.

      This case has been active for almost exactly one (1) year.  While Plaintiff mentions "further investigation" in his application for leave to amend resulting in the inclusion of additional named Plaintiffs, he fails to articulate 1) when this information was discovered, and 2) why he waited to seek leave to amend.  Additionally, Plaintiff's proposed amendments include several new facts, which Defendants now have to investigate, further delaying the case. These dilatory tactics should not be tolerated by this Court.



In addition, Plaintiff's Proposed Amended Complaint is futile. An amendment is considered futile if the amended pleading would not survive a motion to dismiss, either pursuant to Rule 12 (b)(6) or on some other basis. *Johnson v. New York State Dep't of Corr. Servs.*, No. 11-cv-079S, 2013 U.S. Dist. LEXIS 208954, *4 (W.D.N.Y. May 1, 2013); citing *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) a complaint must supply "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bryant v. Rourke*, No. 15cv-5664 (SJF) (GRB), 2017 U.S. Dist. LEXIS 18777, *4 (E.D.N.Y. Feb. 8 2017), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted). *See also Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt LLC*, 595 F.3d 86, 91 (2d Cir. 2010). A claim is plausible when the plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bryant v. Rourke*, 2017 U.S. Dist. LEXIS 18777, at *4-5, quoting *Ashcroft*, 556 U.S. at 678. Plaintiff's additional claims would not survive a motion to dismiss.

Plaintiff brings additional claim under New York Labor Law ("NYLL") section 215 and the Fair Labor Standards Act ("FLSA") section 215. NYLL 215(a) states in pertinent part:

> no employer or his or her agent, or the officer or agent of any corporation ... shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter.

NYLL §215(a). Similarly, FLSA 215(a)(3) sets forth "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

The Proposed Amended Complaint contains no allegation of a complaint made by any Plaintiff directly to Defendants. Rather, the Proposed Amended Complaint alleges Plaintiffs were "threatened" "following their pursuit of their rights under the FLSA and NYLL" Proposed Amended Complaint [ECF Doc. No. 16-1] ¶75. Additionally, the Proposed Amended Complaint alleges Juan Tacori "struck fear into Plaintiffs on July 10, 2022" and that is why Jarquin left the employ of Defendants. Proposed Amended Complaint [ECF Doc. No. 16-1] ¶40. The instant Complaint was filed on January 20, 2022 [ECF Doc. No. 1]. According to the allegations



contained in the Proposed Amended Complaint, Plaintiff Delgado ceased working for Defendant in July 2021; prospective Plaintiff Jarquin ceased working for Defendant in July 2021; and prospective Plaintiff Chucino ceased working in October 2020. Further, the proposed amendment also alleges that Jarquin left because of bad treatment from Defendants (between May 2021 – July 2021), which created a hostile work environment. Proposed Amended Complaint [ECF Doc. No. 16-1] ¶¶23-24. Therefore, accepting the Plaintiffs' allegations as true – it is implausible for the court to draw any reasonable inference that the Defendant is liable for the claimed misconduct.

Moreover, when initiating an action under NYLL section 215, Plaintiff is required to serve notice on the Attorney General. Defendant has not been served and/or made aware of service of the required notice. Failure to comply with this statutory requirement warrants dismissal of this cause of action. Accordingly, even accepting Plaintiff's allegations as true Plaintiff's proposed addition of "Count 3 [Retaliation]" would not survive a motion to dismiss as it fails to state a claim upon which relief can be granted.

Based upon the foregoing, Plaintiff's request for leave to amend the complaint as proposed should be denied. Defendant remains available should the Court require additional information regarding this submission.

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**

*/s/ Saul D. Zabell*

Saul D. Zabell

cc: Lawrence Spasojevich, Esq. (*via* Electronic Case Filing)
      Client