UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
      :
**FAUSTO DELGADO,** *on behalf of Plaintiff and similarly situated individuals*,
      :
                     Plaintiff,    :  **ORDER ADOPTING REPORT AND RECOMMENDATION**
      :
         – against –    :  22-CV-340 (AMD) (ARL)
      :
**ALL SHORE MARINE CONSTRUCTION INC**, :
      :
                    **Defendant.**
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       The plaintiff commenced this action against his former employer, All Shore Marine Construction Inc., on January 20, 2022. (ECF No. 1.) The plaintiff worked for the defendant from July 2020 through October 2020 and then again from March 2021 through June 2021. (*Id.* ¶¶ 19–20.) The plaintiff alleges that the defendant violated the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL") and the Wage Theft Prevention Act. (*Id.* ¶¶ 30–60.) Although the case was initially filed with only one named plaintiff — Fausto Delgado — the plaintiff made two requests to amend his complaint, and sought to join additional named plaintiffs — Marco Antonio Jaruquin and Luis Chucino — in those requests. (ECF Nos. 14, 16.)

       The parties participated in a mediation on October 26, 2023. The following week, the Court received notice that the parties had settled the case. (*ECF Order dated Nov. 1, 2023*.) Thereafter, on December 14, 2023, counsel for the plaintiff filed a letter advising the Court that the parties had agreed to a resolution in principle. (ECF No. 24.) By that time, the parties had exchanged several versions of a draft settlement agreement. (ECF No. 33 ¶¶ 13–16.) The last-dated draft settlement agreement lists Delgado as the plaintiff and Jaruquin and Chucino as opt-

in plaintiffs. That agreement contains compensation terms for each of the individuals and a broad claim release that applies to Delgado, Jaruquin, and Chucino.

Magistrate Judge Arlene Lindsay directed the parties to file a motion for settlement approval by January 29, 2024. (*See ECF Order dated Dec. 15, 2023.*) At the parties' request, Judge Lindsay then extended that deadline 30 days. (*See ECF Order dated Jan. 30, 2024.*) On February 29, 2024, the plaintiff filed a consent to replace his counsel, and an accompanying request for an extension of time to file the settlement papers, so that the plaintiff might consider whether he wanted to execute the final agreement or move forward with the case. (ECF Nos. 27, 28.) Judge Lindsay granted the motion for extension of the time to file the settlement papers, but made it clear that the extension was not to permit the plaintiff to move forward with the case, because the parties reported that the case settled and that they had agreed upon settlement terms. (*See ECF Order dated Mar. 13, 2024.*) On March 28, 2024, defense counsel notified Judge Lindsay that the plaintiffs were claiming that they had agreed to settle only their wage and labor claims, not their retaliation claims. (ECF No. 31.) On April 19, 2024, the plaintiff's new counsel informed Judge Lindsay that the plaintiff intended to settle only his FLSA claims. (ECF No. 32.) At that point, the defendant moved to enforce the settlement.

On September 18, 2024, the Court referred the motion to Judge Lindsay. (*ECF Order dated Sep. 18, 2024.*) On January 2, 2025, Judge Lindsay issued a comprehensive report and recommendation, recommending that the Court grant the defendant's motion for settlement enforcement. (ECF No. 39.) No objections have been filed to the report and recommendation and the time for doing so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those

portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

I have carefully reviewed Judge Lindsay's thorough and well-reasoned report and recommendation and find no error. Accordingly, I adopt the report and recommendation in its entirety and order that the defendant's motion for settlement enforcement and sanctions be denied.

By February 28, 2025, the parties are directed to submit the final settlement agreement consistent with Judge Lindsay's opinion and pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

**SO ORDERED.**

                                      s/Ann M. Donnelly  
                                      ANN M. DONNELLY  
                                      United States District Judge

Dated: Brooklyn, New York  
         February 19, 2025