UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FAUSTO DELGADO *on behalf of Plaintiff
and similarly situated individuals*,

                                Plaintiff,

                                                             **ORDER**
       -against-                                         22-CV-340 (AMD) (ARL)

ALL SHORE MARINE CONSTRUCTION INC.,

                               Defendant.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the Court is the motion of John Troy ("Troy"), Aaron Schweitzer and Tiffany Troy, attorneys for the plaintiff Fausto Delgado ("Delgado"), for leave to withdraw as Delgado's attorney of record. Neither Delgado nor the defendant has filed a response to this motion. However, for the reasons set forth below, the motion is denied.

       Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. As indicated in the rule, the court must consider two factors when deciding a motion to withdraw (1) "'the reasons for withdrawal'" and (2) "'the impact of the withdrawal on the timing of the proceeding.'" *Estate of Larry Shaw & Susan Shaw v. Marcus*, No. 7:14-CV-3849 (NSR), 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)).

It is well-settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); *see also Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995). To this end, a client's unwillingness to communicate with his or her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [his or her] employment effectively." *Valente v. Seiden*, 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997); *see also Fischer v. Biman Bangladesh Airlines,* No. 96 CIV. 3120 SHS AJP, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal"). However, in addressing a motion to withdraw, courts must, nonetheless, consider whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *Rophaiel v. Alken Murray Corp.,* No. 94 CIV. 9064 (CSH), 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996)("It would be too easy for a [party] to stall proceedings by inducing the withdrawal of its attorney . . .."). The Court finds that in this case it would be disrupted.

In March 2023, this matter was referred to mediation. On December 14, 2023, Delgado's prior counsel, Lawrence Spasojevich, advised the Court that the parties had reached an agreement in principle to resolve this matter and had exchanged settlement agreements. The settlement agreement was never submitted to the Court for approval. In March 2024, Troy, Aaron Schweitzer & Tiffany Troy filed a consent to change attorneys and were substituted as attorneys of record for Delgado in place of Spasojevich. Electronic Order date March 1, 2024.

After the parties had received an extension of time to submit the settlement papers, counsel for the defendant advised the Court that despite reaching a settlement at the mediation held on October 26, 2024, the plaintiff, by and through his new counsel who had not participated in the mediation, claimed that the settlement was not inclusive of all claims asserted by Delgado. Specifically, Delgado, and Marco Antonio Jaruquin and Luis Chucino who had never formally been added to the case as plaintiffs but had appeared at the mediation, claimed that they only agreed to resolve their wage and hour claims, not their retaliation claims. ECF No. 31.

By order dated April 2, 2024, the Court directed former counsel to submit an affidavit under seal outlining the settlement terms that were agreed upon at the mediation, which he did. Upon receipt of that affidavit, the defendant moved for enforcement and approval of the settlement. ECF No. 36. On January 2, 2025, the undersigned recommended that the motion be granted, finding that the parties had intended to be bound by the terms set forth in the mediation agreement including the provision which released the plaintiffs' wage and retaliation claims. On February 19, 2025, District Judge Donnelly adopted the undersigned's report and directed the parties to submit the final settlement agreement by February 28, 2025. Despite the Court's order, the parties failed to do so and, instead, sought an extension on the day the settlement papers were due to be filed.

Troy now reports that, in early March 2025, Delgado informed his office that he would only be reachable by email since his phone had been disconnected due to nonpayment. Troy Decl. ¶ 5. That same day, Delgado also informed his office that he was not willing to sign the settlement agreement based on his concerns as to his pending claims. *Id*. ¶ 6. On March 6, counsel forwarded Delgado a revised settlement agreement. *Id*. ¶ 8. According to Troy, Delgado indicated that he and the other plaintiffs would get together and sign the document but

3

two weeks later, Delgado asked to meet counsel to discuss remaining concerns. *Id*. ¶¶ 9-13. Delgado then scheduled an appointment with counsel but failed to show up. *Id*. ¶ 14. He was, however, in touch with counsel on March 20, and again wanted to further discuss the terms of the release. *Id*. ¶ 17. In response, counsel advised Delgado that the settlement agreement spoke for itself and he and his associates would be seeking to withdraw.

While a party's failure to cooperate would typically be a satisfactory reason to withdraw, the Court cannot ignore the fact that this case is ripe for dismissal based on this record. Delgado has been given ample time to execute the settlement agreement and has missed the last deadline for doing so set by the Court. Electronic Order dated February 28, 2025. Accordingly, the withdrawal of plaintiff's counsel would certainly impact the timing of any prospective motion practice and prejudice the defendant. Therefore, the motion to withdraw is denied.

Instead, on or before April 24, 2025, Delgado is directed to show cause as to why this case should not be dismissed with prejudice. The defendant may weigh-in, in writing, on or before April 28, 2025.

Dated: Central Islip, New York
April 18, 2025

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

4