

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

Ryan M. Eden, Esq.
Email:  REden@laborlawsny.com

April 28, 2025

*VIA* ELECTRONIC CASE FILING

The Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722-4451

      Re:   Fausto Delgado vs. All Shore Marine Construction, Inc.
             Case No. 22-cv-00340 (AMD) (ARL)

Your Honor:

      This firm represents Defendant All Shore Marine Construction, Inc. in the above-referenced matter. We write in accordance with Your Honor's Order of April 11, 2024 and in response to the correspondence filed by Plaintiff on April 24, 2025. For the reasons set forth herein, Defendants maintain that Plaintiff Delgado's claims should be dismissed with prejudice should he fail to execute the Parties' Settlement Agreement within seven (7) days of this submission. Additionally, while no reasonable explanation has been provided to justify the delay of either Marcos Antonio Jarquin or Luis Chucino Curillo in executing the Settlement Agreement – especially since they do not raise any of the concerns mentioned by Plaintiff Delgado – Defendants agree that it would be permissible to provide Mr. Jarquin and Mr. Curillo with an additional fourteen (14) days to execute the settlement agreement.

      Preliminarily, we must address the fact that Plaintiff Delgado's alleged concerns seem implausible in light of express language contained within the Parties' settlement agreement that plainly states his Workers' Compensation claim will not be impacted as a result of his execution of the agreement. A true and accurate copy of the Parties' Agreement is enclosed as Exhibit A for the Court's review. Paragraph 4 of the Agreement contains release language which is limited to "Release of Wage and Hour Claims." Paragraph 5 of the Agreement then specifically identifies numerous claims raised by Mr. Delgado that are excluded from the release and/or agreement. The Paragraph states: "This Agreement specifically and expressly excludes from the release any non wage-and-hour claims. It further specifically and expressly excludes from the release: (1) **Fausto Delgado's pending Workers' Compensation action before the New York Workers' Compensation Board**…" (emphasis added). The agreement, inclusive of this language, was finalized on March



April 28, 2025
Page 2 of 2

6, 2025, at which point Plaintiff's Counsel advised that they would circulate to their clients for execution.

    Plaintiff's Counsel never represented to Counsel for Defendant that there were any additional concerns with any of the language included in the agreement and did not request or propose any additional revisions prior to requesting excusal. Accordingly, we take issue with the representation made in Plaintiff's April 24, 2025 correspondence that Plaintiff would "have a hard time getting the revisions [Delgado] desires." That is simply untrue. Upon receiving Plaintiff's submission, the undersigned contacted Counsel for Plaintiff to inquire what additional language was even sought as none was previously proposed. The Parties have continued to engage in discussions, and, earlier today, reached an agreement on additional language that supposedly was approved by Mr. Delgado. The revised agreement is attached as Exhibit B.

    Defendant remains unaware as to why Mr. Jarquin and Mr. Curillo did not timely execute the agreement. There have been no objections to its content made by either of these two (2) individuals. They could have executed even if Mr. Delgado did not. Nevertheless, Defendants, in an effort to have this matter resolved, shall agree to Mr. Jarquin and Mr. Curillo with an additional fourteen (14) days to execute the revised settlement agreement.

    Defendant thanks the Court for its attention to this matter and remains available should Your Honor require additional information regarding this submission.

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**

*Ryan Eden*
Ryan M. Eden

cc:    All Counsel of Record (*via* Electronic Case Filing)
        Client