**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

FAUSTO DELGADO,
*on behalf of Plaintiff and similarly situated individuals,*

                                    Plaintiff,        Case No. 22-cv-00340 (AMD)
                                                (ARL)

           v.

ALL SHORE MARINE CONSTRUCTION INC.,
                                    Defendant.

------------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Plaintiff FAUSTO DELGADO, Opt-In Plaintiff MARCOS ANTONIO JARQUIN, and Prospective Plaintiff LUIS ALFREDO CHUCINO CURILLO (DELGADO, JARQUIN and CHUCINO are collectively referred to herein as "Plaintiffs"); and ALL SHORE MARINE CONSTRUCTION, INC. ("Defendant") ("Plaintiffs" and "Defendant" are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of February 24, 2025.

### RECITALS

A. WHEREAS, on or about January 20, 2022, Plaintiff Delgado filed an action (the "Action") against Defendant alleging, *inter alia* that Defendant: failed to compensate Plaintiff Delgado for overtime, at a rate of one and a half times his regular rate of pay, for hours worked in excess of forty hours a week during his employment in violation of the Fair Labor Standards Act and New York Labor Law; and failed to provide him with duly compliant wage notices and wage statements in accordance with the Section 195 of the New York Labor Law. The above-referenced Action is currently pending in the United States District Court, Eastern District of New York, Case No. 22-cv-00340 (AMD) (ARL);

B. WHEREAS, on June 7, 2022, Plaintiff Jarquin opted into the Action by filing a Consent to Join Collective Action under Section 216(b) of the Fair Labor Standards Act;

C. WHEREAS, on January 12, 2023, Plaintiff sought leave to amend his Complaint so as to include two (2) additional plaintiffs—Jarquin and Chucino—and to also name Juan Tacoris as a Defendant;

D. WHEREAS, on February 21, 2023, prior to reaching a decision on Plaintiff's application, the Court referred Parties to mediation;

E. WHEREAS, a mediation was held on October 26, 2023 at which time the Parties negotiated a resolution of the claims raised in the Amended Complaint by all three (3) Plaintiffs as against both Defendant and Juan Tacoris;

F. WHEREAS, no court has considered or determined the merits of Plaintiffs' claims; and

G. WHEREAS, Defendant admits no wrongdoing, nor liability with respect to Plaintiffs' allegations;

H. NOW, THEREFORE, in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENTS

1. **Consideration.** The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiffs agree that they will not seek any further consideration from or assert any additional or further released claims against Defendant, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement, for the claims alleged in the Action.

2. **Settlement Compensation.** Defendant agrees to pay Plaintiffs FOURTEEN THOUSAND DOLLARS AND ZERO CENTS ($14,000.00) (the "Settlement Payment"), inclusive of attorneys' fees, in full settlement of Plaintiffs' claims against Defendant, as released in Paragraph 4. The Settlement Payment shall be remitted thirty (30) days after the following conditions are each met: 1) Issuance of a Court Order approving the terms and conditions of this Settlement Agreement as fair and reasonable; and 2) Defendant's receipt of a W-9 form executed by each Plaintiff, necessary for Defendant to process payment to Plaintiffs; 3) Defendants' receipt of Troy Law, PLLC's W-9 form, necessary for Defendant to process payment to the firm under the terms and conditions of this Settlement Agreement. The allocation of the Settlement Payment is as follows:

   a. FAUSTO DELGADO shall receive from the Defendant a total of SEVEN THOUSAND DOLLARS AND ZERO CENTS ($7,000.00), not subject to any withholdings or deductions, for which an IRS Form 1099 shall be issued.

   b. MARCO ANTONIO JARUQUIN shall receive from the Defendant a total of TWO THOUSAND DOLLARS AND ZERO CENTS ($2,000.00), not subject to any withholdings or deductions, for which an IRS Form 1099 shall be issued.

   c. LUIS CHUCINO shall receive from the Defendant a total of TWO THOUSAND DOLLARS AND ZERO CENTS ($2,000.00), not subject to any withholdings or deductions, for which an IRS Form 1099 shall be issued.

   d. TROY LAW, PLLC, shall receive from Defendant a total of THREE THOUSAND DOLLARS AND ZERO CENTS ($3,000.00), consisting of as attorneys' fees and costs. Defendants shall issue Plaintiff Delgado and Troy Law, PLLC an IRS Form 1099 with respect to such payment.

   e. All checks shall be made payable to "Troy Law, PLLC as attorneys", respectively, and shall be delivered to Troy Law, PLLC, 41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355.

3.   **Tax Documentation.** Plaintiffs and their counsel shall provide a copy of all necessary information needed for tax purposes upon execution of this agreement, including completion of IRS Form W-9. Plaintiffs acknowledge and agree that (i) this settlement may result in taxable income to Plaintiffs under applicable federal, state and local tax laws; (ii) Defendant is providing no tax, accounting or legal advice to Plaintiffs, and makes no representations regarding any tax obligations or tax consequences on Plaintiffs' part relating to or arising from this Agreement; (iii) Plaintiffs shall be solely responsible for all of their tax obligations, including, without limitation, all federal, state and local employee taxes, and all tax liens or claims against the Defendant that may arise from all payments made pursuant to IRS Form 1099 received by them under this Agreement, and Plaintiffs shall not seek any indemnification from Defendant with respect thereto, except that Defendant shall be responsible for all employer-side taxes and payments with respect to payments, if any are found to apply; (iv) Plaintiffs have been advised that Defendant must comply with their obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms 1099 or other documentation, as appropriate, and (v) Plaintiffs shall cooperate and provide information to Defendant, as reasonably necessary, to allow Defendant to comply with all applicable federal, state and local tax laws.

4.   **Release of Wage and Hour Claims.** In exchange for the payments identified in Paragraph 2 and in exchange for the other considerations supporting this Agreement, Plaintiffs, on their own behalf and on behalf of their descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agrees unconditionally to release and discharge Defendant and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, including Juan Tacoris (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Law, the New York Minimum Wage Order for Miscellaneous Industries and Occupations, and/or any federal, state or local wage statute, regulation, government wage order, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of Plaintiffs' execution of this Agreement. The release of such claims includes, but is not limited to, the claims raised in the Proposed Amended Complaint filed by Plaintiffs on or about January 12, 2023. Plaintiffs agree that they are releasing the wage-and-hour claims set forth in this Paragraph, whether or not they are known to them at the time they sign this Agreement. This release of wage and hour claims includes, but is not limited to, all claims for FLSA and NYLL unpaid minimum wage, overtime, commissions, whether based on common law of otherwise, and all claims for improper deductions, failure to provide statutory notices, failure to provide accurate pay stubs, travel time, spread of hours pay, tips, uniforms, call-in pay, bonuses, expenses, reimbursements and gratuities during Plaintiffs employment with the Defendant and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. The New York State Insurance Fund is not a related business or business entity of Defendant. Accordingly, this release language shall not release any claims any Plaintiff has, or may have, against The New York State Insurance Fund.

This release of wage and hour claims includes, but is not limited to, all claims for FLSA and NYLL unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, failure to provide statutory notices, failure to provide accurate pay stubs, travel time, spread of hours pay, tips, uniforms, call-in pay,

3

bonuses, expenses, reimbursements and gratuities during Plaintiffs' employment with the Defendant and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action.

5. **Claims Excluded from the Agreement.** This Agreement specifically and expressly excludes from the release any non wage-and-hour claims. It further specifically and expressly excludes from the release: (1) Fausto Delgado's pending Workers' Compensation action before the New York Workers' Compensation Board and against the New York State Insurance Fund; (2) Fausto Delgado's charge of discrimination before the New York State Division of Human Rights; and (3) Fausto Delgado's pending action against third party Richard L. Cohen a personal injury action in Suffolk County Supreme Court related to his employment with the Defendant. Nothing in this Agreement shall prohibit Plaintiffs from filing a charge or complaint with, and/or participating in any investigation or proceeding conducted by, the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the United States Securities and Exchange Commission, or any other federal, state, or local agency charged with the enforcement of any laws. Further, nothing in the Agreement shall be construed to interfere with: (a) the ability of any federal, state or local government agency to investigate any such charge or complaint, (b) Plaintiffs' ability to communicate voluntarily with any such agency, or (c) Plaintiffs' ability to provide truthful testimony in any court, administrative, arbitration or other proceeding.

6. **No Admission of Liability**. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by the Defendant or Juan Tacoris under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs have asserted, could have asserted or may assert in connection with Plaintiffs' employment. Defendant has consistently denied, and continues to deny, each and every allegation of wrongdoing made by Plaintiffs, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

7. **Covenant Not to Sue**. Except as provided in Paragraph 5 above, Plaintiff covenants and agrees not to file a lawsuit or commence any other legal proceeding against the Releasees concerning any matter released in Paragraph 4. Further, Plaintiff waives any right to become, and promises not to voluntarily become, a member of any class in a case in which any claim or claims released pursuant to Paragraph 4 of this Agreement are asserted against the Releasees involving any act or event occurring from the first day of the world through the date of his signing of this Agreement.

8. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**.

   a. The Parties intend for the Plaintiffs to release any and all wage and hour claims they may have against the Defendants, including claims under the FLSA and NYLL, but not under the NYSHRL or Title VII and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Agreement after full execution of this Agreement.

b. Court approval and dismissal of this Action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made to Plaintiffs or Plaintiffs' Counsel pursuant to Paragraph 2 of the Agreement.

9. **Bona Fide Dispute**. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiffs, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

10. **Changes to the Agreement**. No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by the Parties (or authorized representative of such Party) against whom the enforcement of such modification, amendment, waiver, or termination is sought.

**Other Complaints or Charges**. Plaintiffs JARQUIN and CHUCINO hereby represent that other than the Action, they have no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees.

Plaintiff DELGADO hereby represents that he has pending against Defendant: a Workers' Compensation action before the New York Workers' Compensation Board; and a charge of discrimination before the New York State Division of Human Rights. Plaintiff DELGADO further represents that he has pending against third party Richard L. Cohen a personal injury action in Suffolk County Supreme Court related to his employment with the Defendant.

11. **Severability**. The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

12. **Governing Law**. This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles. Any disputes relating to the enforcement of this Agreement shall be brought before in the Supreme Court of the State of New York, County of Suffolk.

13. **Assignment of Claims**. Plaintiffs hereby represent and warrant that they have not hypothecated, assigned, or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

14. **Voluntary Agreement**. Each Plaintiff represents and agrees that:

a. He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

b.  He has signed this Agreement freely and voluntarily and without duress;

c.  No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement; and

d.  He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

15. **Waiver**. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

16. **Fair Meaning**. The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

17. **Counterparts**. This Agreement may be executed in several counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same document. A copy, including by facsimile or e-mail, of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

18. **Headings**. The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

19. **Authority to Execute Agreement**. The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

20. **No Disparagement.** In consideration of the Defendant's undertakings contained in this Agreement, Plaintiffs agree that they shall refrain from: (1) all conduct, verbal or otherwise, which would materially damage the reputation, goodwill or standing in the communities of the Defendant and Juan Tacoris, and (2) referring to or in any way commenting on Defendant and Juan Tacoris in or through the general media or any public domain (including without limitation, internet websites, blogs, chat rooms, social media and the like), in a way that would materially damage the reputation, goodwill or standing in the communities of Defendant and Juan Tacoris, unless compelled to do so by legal process.

In consideration of Plaintiffs' undertakings contained in this Agreement, Defendant agrees that Defendant's owners, shareholders, and officers shall refrain from: (1) all conduct, verbal or otherwise, which would materially damage Plaintiffs' reputation, goodwill or standing in the community, and (2) referring to or in any way commenting on Plaintiffs in or through the

general media or any public domain (including without limitation, internet websites, blogs, chat rooms and the like), in a way that would materially damage Plaintiffs' reputation, goodwill or standing in the community.

Notwithstanding this subsection, nothing shall prevent any party to this agreement from making truthful statements about the terms of the settlement agreement or their experience in this litigation.

THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK.

**Certification of Translation**

**Certification of translator**.

I hereby certify that I am fluent in both the English and Spanish Language, and that I am able and competent to translate this agreement from English to Spanish and from Spanish to English. I further certify that I translated this Agreement for the undersigned at the direction of their legal counsel.

Por lo presente certifico que soy fluido tanto en el idioma inglés como en el español y que soy capaz y competente para traducir este acuerdo del inglés al español y del español al inglés. Además, certifico que he traducido este Acuerdo para el suscrito bajo la dirección de su abogado.

By:  _____

Printed Name: _____

This Agreement has been translated for me into my native language of Spanish by the translator identified above. I was presented the option to have this Agreement translated in its entirety in writing, but voluntarily elected to have it translated orally in order to avoid incurring additional costs and fees. This Agreement has been translated to my satisfaction.

Este Acuerdo ha sido traducido para mí en mi idioma nativo de español por el traductor identificado anteriormente. Se me presentó la opción de hacer traducir este Acuerdo en su totalidad por escrito, pero elegí voluntariamente que se tradujera oralmente para evitar incurrir en costos y honorarios adicionales. Este Acuerdo ha sido traducido a mi satisfacción.

By:  _____         Date:  _____
      FAUSTO DELGADO

By:  _____         Date:  _____
      MARCOS ANTONIO JARQUIN

By:  _____         Date:  _____
      LUIS ALFREDO CHUCINO CURILLO

THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT. THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE CONSULTED WITH, AND ARE ACTING ON ADVICE OF AN ATTORNEY, BY SIGNING THIS SETTLEMENT AGREEMENT.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

**PLAINTIFFS**

By: _____         Date: _____
      FAUSTO DELGADO

By: _____         Date: _____
      MARCOS ANTONIO JARQUIN

By: _____         Date: _____
      LUIS ALFREDO CHUCINO CURILLO

**DEFENDANT**

By: _____         Date: _____
      on behalf of ALL SHORE MARINE CONSTRUCTION, INC.

9

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

FAUSTO DELGADO,
*on behalf of Plaintiff and similarly situated individuals,*

                                 Plaintiff,        Case No. 22-cv-00340 (AMD)
                                            (ARL)

          v.

ALL SHORE MARINE CONSTRUCTION INC.,

                               Defendant.

-------------------------------------------------------------------x

       **IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs, FAUSTO DELGADO, MARCOS ANTONIO JARQUIN, and LUIS ALFREDO CHUCINO CURILLO ("Plaintiffs") and ALL SHORE MARINE CONSTRUCTION INC. ("Defendant"), through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all wage-and-hour claims alleged therein only be dismissed with prejudice, subject to signature and entry of this stipulation by the Court, with each party to bear their own fees and costs; and further that Plaintiffs are precluded from bringing any claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint or Proposed Amended Complaints, or any claims that were asserted and alleged in the Complaint or Proposed Amended Complaints.

       **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

       THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK.

Dated: _____          Dated: _____

TROY LAW, PLLC                           ZABELL & COLLOTTA, P.C.


By: _____             By: _____
John Troy, Esq.                          Saul D. Zabell, Esq.
Aaron B. Schweitzer, Esq.
Tiffany Troy, Esq.
41-25 Kissena Boulevard                  1 Corporate Drive
Suite 110                                Suite 103
Flushing, NY 11355                       Bohemia, NY 11716
(718) 762-1324                           (631) 589-7242
troylaw@troypllc.com                     szabell@laborlawsny.com
*Attorneys for Plaintiffs*               *Attorneys for Defendant*

                                         **SO ORDERED:**


                                         _____

2